# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWAYNE L. RIECO, | Civil Action No. 2: 15-cv-1510 |
| Plaintiff, | United States District Judge |
| v. | Arthur J. Schwab |
| C/O III ROY BAUCHER, et al, | United States Magistrate Judge Cynthia Reed Eddy |
| Defendants. | |

## REPORT AND RECOMMENDATION

**I.     Recommendation**

Upon review of the Complaint, and pursuant to the screening requirements for litigants proceeding *in forma pauperis*, the Court recommends sua sponte dismissal of the Complaint before service because the action is frivolous.

**II.    Report**

   A.   <u>Procedural Background</u>

Plaintiff, Dwayne L. Rieco, a very litigious prisoner, now seeks to file yet another prisoner civil rights suit naming seven defendants: C/O III Roy Baucher, C/O I Lithgow, C/O III Kenneth Peer, Carol Scire, Meredith George, Mark Capozza, and Dorina Varner. Plaintiff is proceeding pro se and his Motion for Leave to Proceed In Forma Pauperis ("IFP") has been granted. Service of process has not yet been made on defendants.

The Court must now review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

B. Legal Standard

The Court must liberally construe the factual allegations of Plaintiff's Complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)).

Plaintiff's Complaint must be reviewed in accordance with the amendments promulgated in the Prison Litigation Reform Act (PLRA), Pub.L. No. 104–134, 110 Stat. 1321 (1996). In the PLRA, Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. *See Santana v. United States,* 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who has been granted IFP status, the screening provisions of the PLRA apply. *See* 28 U.S.C. § 1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6)[1] if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. *Angelastro v. Prudential–Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and § 1915(d) both counsel dismissal." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (footnote omitted).

B.  Plaintiff's claims

Rieco's Complaint alleges, *inter alia*, the following:

13.  Plaintiff's legs on 8-24-15 were being subjected to burns internally by a radical source of energy and claims to be radiation or an electro magnetic energy that is causing him severe scorchings of his tissues and is still taking place.

14.  Grievance No. #583107 was filed on 8-24-15 against C/O III Baucher and C/O1 Lithgow and was requesting DC-ADM001 abuse allegations due that he was being physically assaulted with this devised torture weapon at 10:09 PM and continued all night long in sessions on their shift.

18.  Plaintiff reported these conditions of confinement and C/O1 Lithgow then bid out of the SRTU on 2-10 shift but moved intentionally to 10-6 shift where he then again was stationed on the SRTU block and used these biohazardous and

---

[1] In reviewing complaints under 28 U.S.C. § 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir.), *cert. denied*, -- U.S. --, 132 S.Ct. 861 (2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

hazardous mechanisms to silently cause his victim physical irreparable harm while under color of state law and he continues to do so on both 2-10 and 10-6 shifts under the supervision of the shift commander and Defendant C/O III Roy Baucher.

19. Defendant Kenneth Peer is C/O III and has as shift commander on 11-6-15 and 11-7-15 used this same device and concentrated the energy to the same injured areas.

22. Plaintiff was not granted the grievance system fairly and has caused him severe additional harm and pain to these everyday burnings of his flesh with this electrical assault . . . .

24. Defendant Scire has by such reckless disregard stated there is no microwave energy on A-300 unit and failed to grant a review without any investigation as to these burns to his internal and external epidermis . . .

The United States Supreme Court has explained that a claim is frivolous within the meaning of 28 U.S.C. § 1915(e) if the claim lack an arguable basis either in law or in fact. *See Neitzke,* 490 U.S. at 325. Section 1915(e)'s term "frivolous," when applied to a complaint, embraces not only inarguable legal conclusions but also fanciful factual allegations. *Id.* The statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the power to dismiss those claims whose factual contentions are clearly baseless. *Id*.

This Court finds that Plaintiff's allegations that he has been subjected "a radical source of energy" and "radiation or an electro magnetic energy" that is causing "severe scorchings of his tissues" are fanciful, fantastic, and/or delusional. Accordingly, the Court recommends that the Complaint should be dismissed as frivolous.

C. Leave to File Amended Complaint Would Be Futile

The United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors,* Inc., 482 F.3d 247, 251 (3d Cir. 2007).

Given that Plaintiff's claims are frivolous, the Court recommends that leave to amend be denied as it would be futile for Plaintiff to amend his claims.

**III. Conclusion**

For the reasons set forth herein, it is respectfully recommended that the Complaint be dismissed as frivolous pursuant to the screening provisions of the PLRA.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules, Plaintiff is allowed fourteen (14) days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

                              s/ Cynthia Reed Eddy
                              Cynthia Reed Eddy
                              United States Magistrate Judge

Dated: December 21, 2015

cc: **DWAYNE L. RIECO**
     HU-2494
     SCI Pittsburgh
     Post Office Box 99991
     Pittsburgh, PA 15233